**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

```
FILED
JAMES J. WALDRON, CLERK

DEC. 10, 2012

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ Ronnie Plasner, DEPUTY
```

December 10, 2012

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Michael E. Holt, Esq.
Forman Holt Eliades & Youngman LLC
80 Route 4 East, Suite 290
Paramus, New Jersey 07625
*Counsel for Charles M. Forman,*
*Chapter 7 Trustee*

Bruce M. Satin, Esq.
Szaferman, Lakind, Blumstein & Blader, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, New Jersey 08648
*Counsel for Hopewell Valley Community*
*Bank*

Frank Peretore, Esq.
Peretore & Peretore, P.C.
191 Woodport Road
Sparta, New Jersey 07871
*Counsel for All Points Capital Corp.*

Paul Mandal, Esq.
Dreifuss, Bonacci & Parker, PC
26 Columbia Turnpike
Florham Park, New Jersey 07932
*Counsel for Bondex Insurance Company*

Re:  **Charles M. Forman, Trustee v. Carver Federal Savings Bank, et al.**
     **(In re East Coast Sanitation Co., Inc.)**
     **Adv. Pro.: 12-1387 (DHS) (Lead Case: 09-30888 (DHS))**

Page 2
December 10, 2012

Dear Counsel:

Before the Court are motions filed by Hopewell Valley Community Bank ("HVCB"), Bondex Insurance Company ("Bondex"), and All Points Capital Corp. ("All Points") (collectively the "Defendants"), seeking summary judgment pursuant to Federal Rule Civil Procedure 56 on the claims asserted against them in this adversary proceeding by Charles M. Forman, Chapter 7 Trustee ("Trustee").

The Trustee's complaint seeks to invalidate the Defendants' liens on the Debtor's assets pursuant to N.J.S.A. § 48:3-7 and N.J.A.C. 7:26h-1.16h (hereinafter the "Public Utility Law") which require approval from the Board of Public Utilities ("BPU") before a public utility may grant a lien. The Defendants argue that: (1) provisions of the U.C.C. as adopted and incorporated into New Jersey statutes, supersede the Public Utility law cited by the Trustee, and (2) even if the Public Utility Law governs, consent is not required by the BPU because an exception provides for financing purchases of sanitation vehicles and the granting of security interests.

Federal Rule of Civil Procedure 56 is made applicable to this proceeding pursuant to Federal Rule of Bankruptcy 7056. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## FACTUAL BACKGROUND

East Coast Sanitation Co., Inc. ("East Coast Sanitation" or "Debtor") filed a petition for relief under chapter 11 of the Bankruptcy Code on August 10, 2009. The case was converted to chapter 7 by Order dated June 15, 2010. The present motions and underlying adversary proceeding relate to liens granted to the Defendants by the Debtor years before its petition was filed.

On or about February 4, 2005, the Debtor entered into a Security Agreement with HVCB to obtain a loan intended to finance the purchase of sanitation collection vehicles and other equipment. (HVCB Statement of Material Undisputed Facts Pursuant to Local Civil Rule 56.1 ("HVCB Statement"), ¶¶ 1–2) The security agreement between the Debtor and HVCB provided for a lien in all of the Debtor's vehicles and all other assets and equipment. (HVCB Statement, ¶ 3) On August 6, 2007, HVCB made efforts to perfect its lien by filing a UCC-1. (HVCB Statement, ¶ 4)

On or about February 28, 2008, the Debtor entered into a Purchase Money Security Agreement that was assigned to All Points on the same day by a Collateral Assignment of

Page 3
December 10, 2012

Contract Documents and Acknowledgement of Assignment ("All Points Agreements"). (All Points Statement of Material Undisputed Facts Pursuant to Local Civil Rule 56.1 ("All Points Statement"), ¶¶ 1, 4) The All Points Agreements provided for a security interest in eight sanitation collection vehicles and a blanket lien on all assets. (All Points Statement, ¶ 3) All Points made efforts to perfect its lien by filing a UCC-1 on February 29, 2008 and noting its lien on the relevant certificates of title. (All Points Statement, ¶ 5)

Bondex is a surety company authorized to issue surety bonds to waste collectors. (Bondex Statement of Material Undisputed Facts ("Bondex Statement"), ¶ 3) The Debtor and Bondex entered into a General Agreement of Indemnity agreeing to hold Bondex harmless and further agreeing that Bondex could file a UCC-1 to secure the obligation of the Debtor to Bondex. (Bondex Statement, ¶ 4) Bondex filed a UCC-1 on March 17, 2009 to perfect its secured interest. (Bondex Statement, ¶ 5)

The Complaint alleges that "None of the Defendants satisfied the statutory requirements for the perfection of liens against the Debtor or the Debtor's assets in accordance with the procedure set forth in N.J.S.A. 48:3-7 and N.J.A.C. 7:26h-1.16(d)." (Compl., ¶ 20) The Trustee claims that, therefore, "Any and all liens asserted by the Defendants are void *ab initio* and are of no force and effect against the Trustee, the property of the Debtor's estate or the proceeds from the sale thereof." (Compl., ¶ 21) The Complaint also alleges that the Debtor was a solid waste collector licensed by the New Jersey Department of Environmental Protection ("NJDEP"), a public utility, and that neither NJDEP nor the BPU approved the lien. (Compl., ¶¶ 15–20) The Defendants each filed motions seeking summary judgment. For purposes of these motions only, the Defendants accept as true the allegations regarding the Debtors' status as a solid waste collector and public utility as well as the lack of any prior approval for granting the liens.

## DISCUSSION

The Defendants argue that, even accepting the allegations that the Debtor was a solid waste collector licensed by NJDEP and a public utility, and that neither the NJDEP nor the BPU approved the liens granted by the Debtor to the Defendants under the various agreements, there exist grounds to grant summary judgment in the Defendants' favor. Each argument is discussed below.

### I.    Summary Judgment Standard

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light

Page 4
December 10, 2012

most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus, evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon Sch. Dist.*, 673 F. Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

As noted above, the Defendants, for purposes of this motion only, accept the factual allegations set forth in the Complaint with regard to the Debtor's status as a solid waste collector and public utility and that no approval for the liens was granted by either the NJDEP or the BPU. With their acceptance of these facts, there exists no genuine issue of material fact and, therefore, the motion for summary judgment is properly before the Court.

Page 5
December 10, 2012

## II.     <u>Validity of the Defendants' Liens</u>

The Defendants argue that relevant sections of New Jersey statutes adopting U.C.C. provisions are operative in this matter, superseding those serving as the basis for the Trustee's complaint. The Complaint alleges that the Defendants' liens are unperfected pursuant to N.J.S.A. 48:3-7 and N.J.A.C. 7:26h-1.16h because the Debtor, as a public utility and solid waste disposal utility, did not acquire approval prior to granting the Defendants' liens. The Defendants argue that any statute or regulation that requires government consent for the creation of a security interest is superseded by N.J.S.A. 12A:9-406 and 9-408. As there exists no dispute that the Debtor fits within the scope of the Public Utility Law, the issue is whether the provisions of the U.C.C. as adopted by New Jersey state law supersede the Public Utility Law.

In relevant part, N.J.S.A. 12A:9-406 states:

> a rule of law, statute, or regulation that prohibits, restricts, or requires the consent of a government, governmental body or official, or account debtor to the assignment or transfer of, or creation of a security interest in, an account or chattel paper is ineffective to the extent that the rule of law, statute, or regulation: (1) prohibits, restricts, or requires the consent of the government, governmental body or official, or account debtor to the assignment or transfer of, or the creation, attachment, perfection, or enforcement of a security interest in the account or chattel paper . . . .

N.J.S.A. 12A:9-406(f)(1). A similar provision is provided under N.J.S.A. 12A:9-408 with respect to intangibles. *See* N.J.S.A. 12A:9-408(c)(1). The statute specifically lists exceptions to the rule. Notably, the Public Utility Law is not included among those exceptions. Moreover, each section provides that

> Except to the extent otherwise provided in subsection (i), this section prevails over any inconsistent provision of an existing or future statute, rule or regulation of this State, unless the provision is contained in a statute of this State, refers expressly to this section and states that the provision prevails over this section.

N.J.S.A. 12A:9-406(j); *see also* N.J.S.A. 12A:9-408(e). The Court finds that the language of the statute is clear on its face and, as such, is controlling in this matter.

The Trustee cites *Matter of Lake Hopatcong Water Corporation*, 15 B.R. 411 (Bankr. D.N.J. 1981), for the proposition that the Board of Public Utilities may void a lien. (Trustee's Opposition to Summ. J., ¶ 11). However, *Lake Hopatcong* preceded the adoption of N.J.S.A.

Page 6
December 10, 2012

12A:9-406 and 9-408. As such, it is clearly distinguishable and not controlling on this Court's determination of the present issue.

The provisions of the U.C.C. as adopted and incorporated into N.J.S.A. 12A:9-406 and 9-408 expressly supersede the requirements of the Public Utility Law on which the Trustee relies. For the foregoing reasons, the Defendants' liens are not invalid due to the Debtor's failure to obtain approval prior to granting the liens and, as such, the Defendants' motions for summary judgment are granted insofar as they seek a judgment in favor of the Defendants on these grounds.

Alternatively, in the event that the Public Utility Law is not superseded by the U.C.C. provisions discussed, the Defendants set forth an additional argument to support their position that the liens are valid and enforceable. The Defendants argue that authority to grant approval transferred from the BPU to the NJDEP and that approval is not required for financing the purchase of collection vehicles under N.J.S.A. 48:3-7(e).

The Defendants' argument, that approval of vehicle financing liens from the BPU is not required, is supported by N.J.S.A. 48:3-7. Subsection (c), relied on by the Trustee, specifically states that "Except as otherwise provided in subsection e. of this section, no solid waste collector . . . shall, without the approval of the Department of Environmental Protection . . . sell, lease, mortgage, or otherwise dispose of or encumber its property, including customer lists . . . ." N.J.S.A. 48:3-7(c). This subsection expressly requires approval of the NJDEP, rather than the BPU, with respect to solid waste collectors, which the Debtor is alleged to be. In contrast, subsection (a) of N.J.S.A. 48:3-7 requires approval of the BPU, but only for "public utilities." *See* N.J.S.A. 48:3-7(a). As the Debtor must not be subject to the requirements of two conflicting provisions, it is appropriate that subsection (c) for solid waste haulers govern. It follows that, while subsection (c) requires approval from the NJDEP, it is subject to subsection (e) which specifically carves out an exception from the approval requirement for financing collection or haulage vehicles.

N.J.S.A. 48:3-7(e) states that "Any solid waste collector may, without the approval of the department, purchase, finance, or lease any equipment, including collection or haulage vehicles." N.J.S.A. 48:3-7(e). The Defendants highlight that this provision is merely another subsection of the section cited in the Trustee's Complaint. The undisputed facts reveal that the liens were granted to finance sanitation collection vehicles. The liens granted by the Debtor fall within this exception, removing the approval requirement. Thus, even if the Public Utility Law governs this dispute, the liens are valid and enforceable.

## **CONCLUSION**

For the reasons stated, the Defendants' motions seeking summary judgment in their favor on the claims of the Trustee are granted. The Court finds that the Defendants have valid and enforceable liens.

Page 7
December 10, 2012

   An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

                Very truly yours,

              *s/ Donald H. Steckroth*

                DONALD H. STECKROTH
                UNITED STATES BANKRUPTCY JUDGE

Enclosure